Wilson, J.
This is an action in mandamus to test the validity of what is known as the Collateral Inheritance Tax Law,passed January 27, 1893 (90 Ohio Laws, 14), as amended April 20, 1894 (91 Ohio Laws, 169). The question involved brings under review the first section of the amended act, to-wit:
“Sec. 1. ' That all the property within the jurisdiction of this state, and any interest therein, whether belonging to inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the intestate law of this state,or by deed,grant,sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor, to any person in trust or otherwise, other than to or for the use of the father, mother, husband, wife, brother, sister,nephew,niece,lineal descendant,adopted child or person recognized as an adopted child and made a legal heir under the provisions of sec. 4182 of the Revised Statutes of Ohio, or the lineal descendant thereof, or the lineal decendant of any adopted child, the wife or widow of a son, the husband of the daughter of a decedent,shall be liable to a tax of five per centum of its value, above the sum of two hundred dollars, seventy-five per centum of such fax to be *607 for the use of the state, and twenty-five per centum for 'the use of the county wherein the same is collected; and all adT ministrators, executors and trustees, and any such grantee under a conveyance made during the grantor’s life, shall be liable for all such taxes, with lawful interest as hereinafter provided, until the same shall have been paid ás hereinafter directed. Such taxes shall become due and payable immediately upon the death of the decedent, and shall at once become a lien upon said property, and be and remain a lien until paid. ”
The case was heard on demurrer to the petition raising the single question,is the act constitutional. The discussion in the case was confined to twi propositions, viz.:
First — It is unconstitutional because as a tax upon a privilege it is unequal in that, as amended, it exempts from the tax not only all direct or lineal kindred, but also some collateral kindred.
Second — Because the tax is for a general purpose, but the act provides that 25 per centum shall be placed to the credit of the county in which the tax is levied and collected.
’The case of the State v. Ferris, 53 Ohio St. ,314, resolved this latter question, we think, in favor of the law. In the first syllabus the court says:
“Funds raised by the taxation of franchises, rights and privileges may be applied to purposes of general revenues, or any other purpose authorized by statute. ”
This would seem to be determinative of the second proposition.
There remains, then,to be discussed only the question as to whether the exemption of kindred, direct or collateral, made in the statute, is obnoxious to the constitution as rendering the law unequal in its application and operation.
In State v. Hamlin, 86 Me., 503, it is said:
' “The legislature may, in its discretion, select classes, from which duties and excises may be required, not, however, degenerating into arbitrary and oppressive burdens.”
*608 The statutes of descents and of wills create the privilege which is taxed, but the tax low itself creates the class to be taxed, and it may be the whole or a part only of those who take under the privilege. The line dividing into classes those who take under the privilege is not necessarilyj[an arbitrary one as between lineal descendants and ascendants on the one side, and collaterals on the other; or between collaterals and strangers.
“The right to make exemptions is, in all the states having succession tax laws, generally recognized and exercised. And they have been generally extended so as to embrace, not only near relatives and lineal descendants, but many collateral heirs and charitable and religious institutions.” Dos Passos on Inheritance Taxation, 86.
The Ohio Statute seems to have been framed on those of the States of Virginia and Maine, each of which exempt the lineal descendants, and some of the collaterals, and together all of the collaterals exempted in Ohio. The constitutional restrictions upon the legislative power, in these states, are not in language and terms the same as in Ohio, but in all alike, equality and uniformity are required.
The classifications in these states and others like them havé been uniformly upheld as not violative of the requirement of equality, except only in the state of New Hampshire.
The exemptions seem to be made in favor of those who may have contributed, directly or indirectly, to the accumulation of the estate, the succession to which is taxed as father and mother, brother and sister, and their immediate descendants, nephew and niece, if the estate be ancestral; also husband and wife and lineal descendants, if it be the joint accumulation of a family, and the adopted child, wife or widow of a son and husband of a daughter are rightfully included in the same category. This would seem to be a better distinction, supported upon stronger moral grounds, than if made only between direct descendants and collaterals. The- *609 characteristic is peculiar to the class, and attaches to each member of the class, and the reason upon which it is1 based is better than that the exemptions might b6 made in favor of lineal descendants only. It comprehends all the requirements of a complete class for the purposes of legislation.
But if this distinction is not well founded, the constituency of a class, for the purposes of taxation, is still a matter of legislative discretion, provided it be reasonable and not a capricious use of arbitrary power.
In Eyre v. Jacob, 14 Gratt., 431, Lee, Judge, says:
“That the tax is confined to collateral inheritances and devises to others than those specified, presents no difficulty. It is the will of the legislature to make this discrimination, and its discretion upon the subject must be regarded as having been duly and properly exercised.”
Also, page 437:
“The legislature may define the class to.which this tax shall be restricted, as they in their discretion may think just and proper, taking care to render it uniform with all those who constitute the class.”
In Minot v. Winthrop, 162 Mass., 123, Field, C. J., says:
“The tax imposed by the statute we are considering is said to be unequal because it is not imposed upon all heirs, devisees, legatees and distributees. To make a distinction between collateral kindred or strangers in blood, and kindred in the direct line in reference to the assessment of such a tax, either by exempting the kindred in the direct line or by imposing on collaterals or strangers a higher rate of taxation, has the sanction of nearly all the states which have levied taxes of this kind. It has a sanction in reason, for the moral claim of collaterals and strangers is less than that of kindred in the direct line, and the privilege is, therefore, greater.”
If this be true,we fail to see why the same discrimination may not be made between collaterals themselves, differing in degree of kinship, and between collaterals and strangers, the difference in the moral claim which renders the classifi *610 cation reasonable being one o£ degree only, and not of kind, and clearly within the legislative discretion, if not abused.
J. H, Dyer, Prosecuting Attorney, for Plaintiff.
Harrison, Olds & Henderson, for Defendant.
We, therefore,conclude that the classification, as made in the statute under review, is within the power of the legislature, and is not unreasonable nor oppressive. The tax is uniformly imposed upon all estates and upon all persons within the description contained in the statute, and is,therefore, not unequal.
The demurrer .will be overruled. The writ may issue as prayed for in the petition.